UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWIN C. YOUNGS,

    Plaintiff,

v.   Case No. 8:09-cv-1425-T-27TGW

MERIDIAN POINTE, WRMC, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** in this age discrimination action is Defendant's Amended Motion for Summary Judgment (Dkt. 33). Upon consideration, the motion (Dkt. 33) is GRANTED.

### Background

Edwin Youngs worked as a maintenance technician in apartment complexes owned by The Richmond Group. Youngs was terminated after five years of employment. He was 53. Two months later, a 22 year-old man was hired to replace Youngs.

The parties' dispute centers on the reason for Youngs' termination. According to Meridian Pointe's Property Manager, Trina Johnson, Youngs was terminated for unsatisfactory job performance and disciplinary issues. (Dkt. 31, Johnson Aff. ¶¶ 5-11). Throughout the course of his employment, Youngs was given numerous disciplinary warnings. (*Id.*). He received a written warning in August 2004 for failure to perform his assigned duties. (Dkt. 30, Rainey Aff. ¶ 4). The following month, he received another written warning for insubordination. (*Id.*).

In December 2006, Youngs was given a formal evaluation. (Johnson Aff. ¶ 6, Ex. E). He received a score of "1. Achieved Job Requirements" in all categories. (Johnson Aff., Ex. E). He was given a final performance rating of "Meets Expectations," a category which the form described as

"[c]ompetent and dependable level of performance; meets performance standards of the job." (*Id.*). Notwithstanding these scores, the evaluation identified several areas for improvement, including completing work in a timely manner, accepting guidance of others, and understanding that "his attendance greatly affects the operation of the property." (*Id.*).

In the months following his evaluation, Youngs received four more written disciplinary warnings. In January 2007, Johnson gave Youngs a written warning for excessive tardiness. (*Id.* ¶ 7, Ex. A). The warning listed seven dates on which he had been late for work. (*Id.*, Ex. A). Two months later, Youngs was given a second written warning for refusing to comply with the company's policy for its on-call maintenance schedule. (*Id.* ¶ 8, Ex. B). The warning noted his "failure to report to work as assigned is insubordination which cannot be tolerated." (*Id.*, Ex. B). Youngs was informed, "Further failure to report to work as instructed and/or further gross insubordination, including threats of quitting or asking to be 'fired' will result in immediate termination." (*Id.*). On May 7, 2007, Youngs received a third written warning for failing to perform several of his duties in a satisfactory manner. (*Id.* ¶ 9, Ex. C). The next day, Youngs received a fourth written warning for failing to respond to an emergency pager while on-call. (*Id.* ¶ 10, Ex. D). The warning stated, "This will be the final warning Edwin receives regarding attendance, insubordination and or quality of work, any further infractions will result in immediate termination." (*Id.*, Ex. D). Three days later, Youngs failed to notify Johnson that he would be absent from work. (*Id.* ¶ 11). He was terminated for failing to comply with the company's call-in procedures for absences. (*Id.* ¶ 11, Ex. F).

Youngs, however, believes he was fired because of his age. According to Youngs, Johnson "told me on numerous occasions she would fire me once she hired younger workers." (Dkt. 39 p. 9, Youngs Aff. ¶ 6; Youngs Dep. 34-35, 47-48). Youngs testified Johnson made this statement "on a daily basis." (Youngs Dep. 48). In addition, Johnson "continually complained" that he "moved too slow," even though Youngs contends he performed his tasks "as quickly as the other maintenance

2

men employed by Meridian." (Youngs Aff. ¶ 5). Although Youngs admits he had "a lot" of disciplinary issues at Meridian Pointe (Youngs Dep. 17), he believes Johnson's warnings "were not justified." (Youngs Aff. ¶ 10). Youngs avers he "was not tardy for work," "never refused to perform a task," and "never acted defiantly while performing [his] duties." (*Id.*).

Johnson disagrees with Youngs' account of the events leading to his termination. Johnson avers she "never told Mr. Youngs he was moving too slowly due to his age, nor did I ever tell Mr. Youngs that I was going to fire him as soon as I hired someone younger." (Johnson Aff. ¶ 13). Johnson avers Youngs never complained to her that he thought he was being discriminated against based on his age. (*Id.* ¶ 15). Nor did anyone advise her that Youngs had raised any concerns of age discrimination. (*Id.*).

Youngs commenced this action, seeking redress under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq.*, and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01, *et seq.* Meridian Pointe has moved for summary judgment on both claims, arguing Youngs has not adduced direct evidence of age discrimination.[1] As for circumstantial evidence, Meridian Pointe raises three arguments: Youngs cannot establish a *prima facie* case of discrimination, Youngs was terminated for a legitimate nondiscriminatory reason, and Youngs has not demonstrated that the reason was pretext.

## Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the

---

[1] Meridian Pointe relies on the same arguments for both counts, arguing claims under the ADEA and FCRA "are subject to the same requirements of proof and the same analytical framework." (Dkt. 33 n.10). Youngs raises the same arguments in opposition to summary judgment on both claims.

3

applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. Northern Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260.

The Court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, "the evidence of the non-movant is to be believed." *Hickson*, 357 F.3d at 1260 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). All factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Id.* In resolving a motion for summary judgment, "the court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party." *Morrison*, 323 F.3d at 924.

## Analysis

A disparate treatment claim under the ADEA requires a plaintiff to prove that "age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009). Proof may be by direct or circumstantial evidence. *Id.* at 2351. Youngs relies on both.

### A.   Direct evidence

"Direct evidence is 'evidence, that, if believed, proves the existence of a fact without inference or presumption.'" *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) (quotation and alterations omitted). The evidence must reflect "a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Id.* (quotation omitted). "Only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, constitute direct evidence of discrimination." *Van Voorhis v. Hillsborough County Bd. of County Comm'rs*, 512 F.3d 1296, 1300 (11th Cir. 2008) (quoting *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir.1989) (alterations omitted)). Statements such as "[I don't] want

to hire any old pilots," "Fire Early-he is too old," or "when the position open[s] up, the company [will] be looking for a person younger than Lindsey to fill it" constitute direct evidence of age discrimination. *Id.*; *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *Lindsey v. American Cast Iron Pipe Co.*, 772 F.2d 799, 801-02 (11th Cir. 1985).

Youngs argues two of Johnson's comments rise to the level of direct evidence: that he moved too slowly, and that he would be fired once she hired younger employees. The first statement is not direct evidence. "Congress made plain that the age statute was not meant to prohibit employment decisions based on factors that sometimes accompany advancing age, such as declining health or diminished vigor and competence." *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 611 (11th Cir. 1987) (quotation omitted). A remark that an employee "move[s] in slow motion" "at most refer[s] only to characteristics sometimes associated with increasing age." *Young v. General Foods Corp.*, 840 F.2d 825, 829 (11th Cir. 1988). Accordingly, the facially-neutral comment that Youngs 'moved too slow' does not constitute direct evidence of age discrimination. *See id.*

Johnson's second remark was that Youngs would be fired after she hired younger workers. Critically, however, the statement did not correlate *the reason* for firing Youngs with an interest in hiring younger employees. The statement simply expressed a desire to fire Youngs. It could be for any reason at all, including poor job performance, insubordination, or tardiness. That Johnson wanted to hire younger workers is not direct evidence that she intended to discharge Youngs because of his age. *See, e.g., Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999) (statement that "what the company needed was aggressive young men . . . to be promoted" was not direct evidence because "the comment still requires us to infer that [the employer's] interest in promoting young men motivated his decision to terminate [plaintiff]"); *Simmons v. McGuffey Nursing Home, Inc.*, 619 F.2d 369, 371 (5th Cir. 1980) ("That a member of the Board wanted a

younger man as his replacement does not mean that he was terminated because of his age.").[2] The statement requires an inference to conclude that Johnson intended to terminate Youngs *because of* her desire to hire younger workers. At most, the comment "suggests, but does not prove, a discriminatory motive," which removes the statement from the realm of direct evidence. *Wilson*, 376 F.3d at 1086.

**B.      Circumstantial evidence**

In the absence of direct evidence, Youngs must establish his case circumstantially. Circumstantial evidence of age discrimination is evaluated under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc).[3] First, the plaintiff must establish a *prima facie* case of age discrimination. *Id.* The defendant then has the burden to produce a legitimate, non-discriminatory reason for the adverse employment decision. *Id.* Finally, the burden shifts to the plaintiff to show the defendant's proffered reason was pretext. *Id.*

**1.      The *prima facie* case**

To make a *prima facie* case of age discrimination, Youngs must establish that he "(1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." *Id.* For purposes of summary judgment, the only disputed issue is whether Youngs was qualified.

The record contains at least some evidence that Youngs possessed the requisite qualifications. After four years of employment, he was promoted to Maintenance Technician. (Dkt. 33, p.3; Youngs Dep. Ex. 10). In that position, Youngs received a formal evaluation which stated he was achieving

---

[2] The Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[3] The Supreme Court "has not definitively decided" whether *McDonnell Douglas* applies in ADEA cases. *Gross*, 129 S. Ct. at 2349 n.2. However, *Gross* did not overrule Eleventh Circuit precedent requiring application of *McDonnell Douglas* in age discrimination cases based on circumstantial evidence.

6

the requirements of the job in all categories and was meeting his supervisor's expectations. (Johnson Aff. Ex. E).

Meridian Pointe contends he was unqualified, however, because of numerous disciplinary warnings. Although these reprimands show Meridian Pointe was concerned about Youngs' performance, they do not to establish that he lacked the necessary qualifications. *See Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1227 (11th Cir. 1993); *id.* at 1227 n.3 ("Whether an employee possesses the qualifications for a position thus is generally distinct from the issue whether he performed the job satisfactorily."). These concerns "are more appropriately raised as part of the second and third steps of the *McDonnell Douglas* scheme." *Id.* at 1227. Because there is sufficient evidence from which a jury could find Youngs was qualified for the job, summary judgment is improper on the *prima facie* case. The burden therefore shifts to Meridian Pointe to articulate a legitimate, non-discriminatory reason for his discharge. *See id.*

2.   **Legitimate, nondiscriminatory reasons for termination**

Meridian Pointe submitted evidence showing the reason for Youngs' termination was poor job performance and disciplinary problems. This is supported by a well-documented history of Youngs' tardiness, insubordination, failure to comply with company policies, and failure to perform his duties satisfactorily. There is more than sufficient evidence from which a reasonable jury could conclude that Youngs' disciplinary problems and job performance were the 'but-for' cause of his termination. *See Gross*, 129 S. Ct. at 2352. Because Meridian Pointe articulated a legitimate, nondiscriminatory reason for Youngs' termination, the burden shifts to Youngs to demonstrate pretext. *See Clark*, 990 F.2d 1228.

3.   **Pretext**

Pretext may be proven "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered

7

explanation is unworthy of credence." *Jackson v. Alabama State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). "Because the plaintiff bears the burden of establishing pretext, he must present 'significantly probative' evidence on the issue to avoid summary judgment." *Young*, 840 F.2d at 829.

Youngs appears to dispute Meridian Pointe's proffered reason for terminating him. He avers that he performed all of his duties, was not tardy for work, never refused to perform a task, and never acted defiantly while performing his duties. (Youngs Aff. ¶¶ 8, 10).

But Youngs cannot simply litigate whether he was, in fact, a good employee. *See Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002). In evaluating pretext, the issue is not whether Meridian Pointe's conclusion "is a correct one, but whether it is an honest one." *See id.*; *Chapman*, 229 F.3d at 1030 ("[N]o matter how mistaken the firm's managers [are], the ADEA does not interfere. Rather our inquiry is limited to whether the employer gave an honest explanation of its behavior." (quotation omitted)). The focus is therefore on "the employer's beliefs, and not the employee's own perceptions of his performance." *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997). "Thus, where the employer produces performance reviews and other documentary evidence of misconduct and insubordination that demonstrate poor performance, an employee's assertions of his own good performance are insufficient to defeat summary judgment, in the absence of other evidence." *Id.*

Meridian Pointe came forward with ample documentary evidence of Youngs' poor job performance and disciplinary problems. Aside from Youngs' subjective assessment of his own performance, there is no evidence that Youngs' deficient work, tardiness, and insubordination were fabricated. In fact, Youngs admitted that he had "a lot" of disciplinary issues and that he "expressed [his] displeasure with comp time." (Youngs Dep. 17; Youngs Aff. ¶ 10). The record does not support a contention that Meridian Pointe's reason for terminating Youngs was unworthy of belief.

8

Youngs argues Johnson's remarks that he was slow and would be terminated after she hired younger workers demonstrate his discharge was more likely motivated by age discrimination. These statements, however, must be "'read in conjunction with the entire record' and 'considered together with' the other evidence in the case." *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1229 (11th Cir. 2002) (quoting *Rojas*, 285 F.3d at 1343). There is overwhelming evidence that Youngs was discharged for poor job performance and disciplinary problems. On this record, Johnson's remarks fail to "cast sufficient doubt" on Meridian Pointe's proffered reason. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997). No reasonable fact-finder could conclude, based on this evidence, that age discrimination was the actual reason for his termination. *See id.* Johnson's comments further fail to support a finding of pretext because there has been no demonstration that the remarks were made in conjunction with his discharge. *See Scott*, 295 F.3d at 1229 ("Although a comment unrelated to a termination decision may *contribute* to a circumstantial case for pretext, it will usually not be sufficient absent some additional evidence supporting a finding of pretext." (internal quotation omitted)).

In sum, Meridian Pointe submitted ample evidence to show that Youngs was discharged for disciplinary issues and poor job performance. Youngs has not presented "significantly probative" evidence that this reason was unworthy of credence or that the decision to terminate him was more likely motivated by discriminatory animus. *See Young*, 840 F.2d at 829. On this record, no reasonable jury could conclude that Youngs' age was the 'but-for' cause of his termination. *See Gross*, 129 S. Ct. at 2352. Meridian Pointe is entitled to summary judgment. *See Youngs*, 840 F.2d at 831 ("Where the defendant's justification evidence completely overcomes any inference to be drawn from the evidence submitted by the plaintiff, the district court may properly acknowledge that fact and award summary judgment to the employer." (quotation omitted)).

## Conclusion

Accordingly, Defendant's amended motion for summary judgment (Dkt. 33) is **GRANTED**. The clerk is directed to **ENTER JUDGMENT** in favor of Defendant, Meridian Pointe, WRMC, Inc., and to **CLOSE** this case.

**DONE AND ORDERED** this 5th day of October, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record